Ruffin, Judge.
 

 The. decision in
 
 Lord Melville’s
 
 impeachment, settled that the law of England on this point was, that a witness might be compelled to give evidence which subjected him to a debt or civil action. Four of the Judges thought differently
 
 ;
 
 hut eight of them gave clear and confident opinions in the affirmative j on which the Court acted, and the witness was examined. The act 46.
 
 Geo.
 
 S, does not profess to create the rule it lays down. It is declaratory, and was passed merely to remove the doubts arising from the dissenting opinions. As I just remarked, the witness bad been compelled to answer without the act.
 

 I know not whether the privilege of the, witness did at any time extend thus far. But if it ever did, the principle on which it was founded is gone, and the protection must go with it.
 

 It was and is an undoubted rule of the common law, that a party cannot be examined for or against himself. Yet since the jurisdiction of equity hath arisen to enforce discovery, the privilege not to testify against one’s self is nominal, so far as respects mere liabilities for debts. Discoveries thus obtained by compulsion and on oath, are
 
 *482
 
 constantly used in trials at law, as other admissions of life party ; and'the only limitation on discovery in equity is, that it shall not extend to crimes, nor to charge one a penalty, nor incur a forfeiture. If then a person may be compelled to testify indirectly against himself in a suit at law then actually pending, would it not be strange that he should be protected from doing so against another, because he might thereby expose himself to a future civil action ? That would make the protection operate quite differently from the original purpose of it. It was designed to operate solely for the benefit of the witness. Yet we see, that when he is a party, the Chancellor strips him of it. Shall it cover him, when he is not a party ? The effect would be, that when the protection can be of immediate and direct service to him for whom it was created, it shall be unavailing; but When it operates chiefly to the advantage of a third person, it shall he in full force. This is a completes perversion of the principle, and shows that the rule of exclusion ought not to exist.
 

 I think a witness not interested in the event of the suit, may be compelled to answer to all questions, on which the rights in litigation depend, except where his answer would subject himself to a criminal prosecution, or make him incur a penalty or a forfeiture. To these may be added one other exception
 
 ;
 
 that where the question affects the witness’s own credit, he is not bound to discredit himself by declaring his own infamy, Farther than this, the privilege of the witness cannot be allowed to impede the course of justice, or obstruct the ascertainment of the actual rights of the litigants.
 

 Per Curiam. — Judgment reversed and new trial ranted.